UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ELTON JACKSON,                    )
                                  )
              Petitioner,         )
                                  )
      v.                          )      No. 4:08 CV 994 DDN
                                  )
DONALD TYSON,[1]                  )
                                  )
              Respondent.         )

## MEMORANDUM

This action is before the Court upon the petition of Missouri state prisoner Elton R. Jackson for relief from his Missouri state court conviction and sentence, and an award of monetary damages. Petitioner Jackson invokes the federal question subject matter jurisdiction, granted the court by 28 U.S.C. § 1331.[2] Petitioner has named his state court prosecutor as the respondent. Petitioner has also moved for a default judgment (Doc. 5; Doc. 6) and for settlement (Doc. 9). The parties have consented to the exercise of jurisdiction by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 4.)

## I.  NAMED DEFENDANT

Petitioner named Donald Tyson, the prosecuting attorney, as the defendant in this case. (Doc. 1 at 1.) Mistakenly believing that the petitioner was asserting habeas claims under § 2254, the court, in error, changed the defendant to Steve Larkins, the petitioner's warden. Correcting its mistake, the court has replaced Steve Larkins with the original defendant. See Moore v. Pemberton, 110 F.3d 22, 23-24 (7th Cir. 1997) (per curiam) ("The right respondent in a § 2254 action is the warden of the prison; the right defendants in a [civil rights] suit are

---

[1]For the reasons stated below, the court substitutes Donald Tyson for Steve Larkins as the proper defendant.

[2]Although part of the relief sought in this action is typically within the scope of a federal habeas action, petitioner expressly states that jurisdiction is lacking for relief under § 2254. (Doc. 1 at 1.)

the persons whose wrongful acts harmed the plaintiff (and the warden is rarely a proper defendant, because he is not vicariously liable for subordinates' acts).").

Even if the court had not been mistaken, the court should have notified petitioner before making important changes to the nature of his lawsuit. <u>Glaus v. Anderson</u>, 408 F.3d 382, 388 (7th Cir. 2005). Converting a civil rights case to a habeas case implicates important issues relating to exhaustion of remedies and successive petitions.[3] <u>See</u> <u>id.</u> Before recharacterizing a civil rights claim, the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2254 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the habeas claims he believes he has. <u>Castro v. United States</u>, 540 U.S. 375, 383 (2003); <u>Ward v. Wolfenbarger</u>, 323 F. Supp. 2d 818, 827 (E.D. Mich. 2004), <u>on reconsideration</u>, 340 F. Supp. 2d 773 (E.D. Mich. 2004).

## II. BACKGROUND

On March 19, 2001, in the Circuit Court of the City of St. Louis, petitioner pled guilty to burglary in the first degree, robbery in the second degree, assault in the second degree, stealing, attempted robbery in the first degree, assault in the third degree, possession of a controlled substance - cocaine base, possession of marijuana, and resisting arrest. <u>Jackson v. Roper</u>, 4:05 CV 1421 RWS FRB (E.D. Mo. Apr. 3, 2006); (No. 4:05 CV 1421; Doc. 21 at 1.) On May 18, 2001, petitioner was sentenced to concurrent terms of imprisonment for thirty years. (<u>Id.</u>)

Petitioner did not subsequently appeal his conviction or sentence. (<u>Id.</u>) However, petitioner did subsequently file a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035, but it was denied after an evidentiary hearing. (<u>Id.</u>) On February 22,

---

[3]In this case, the concern about foreclosing a subsequent habeas petition is not present.

2005, the Missouri Court of Appeals affirmed the denial of post-conviction relief. (Id.) Petitioner sought no further review in state court. (Id.)

On September 6, 2005, petitioner filed a petition for federal habeas corpus relief in this court. (Id.) In that habeas petition, petitioner alleged three grounds for relief:

(1) his conviction was obtained by the use of evidence gained pursuant to an unlawful search;

(2) his conviction violated his right against double jeopardy;

(3) his conviction was obtained by use of evidence gained pursuant to an illegal arrest.

(Id. at 2.)

Magistrate Judge Frederick Buckles recommended that the petition be denied on the grounds that the first and third claims were not cognizable claims for federal habeas corpus, and that the second claim was procedurally barred. (Id. at 3-9.) Petitioner timely objected to the Report and Recommendation, and also filed a motion with the district judge to issue an interlocutory appeal. (Id., Doc. 22; Doc. 25.) District Judge Rodney Sippel denied petitioner's motion for an interlocutory appeal, adopted Magistrate Judge Buckles's Report and Recommendation denying the petition for federal habeas corpus, and refused to issue a certificate of appealability. (Id., Doc. 26; Doc. 27; Doc.28.)

On July 7, 2008, in the instant action petitioner filed a "Complaint Pursuant to [§] 1331" seeking to vacate his sentence and convictions, and for an award of $100,000,000 in damages. (Doc. 1.)

## III. DISCUSSION

### A. Petitioner's Allegations

Petitioner seeks federal relief by invoking the court's federal question jurisdiction, pursuant to 28 U.S.C. § 1331, and by alleging that the prosecutor maliciously prosecuted "without jurisdiction" and that his conviction and sentence were in violation of his constitutional rights. (Id. at 1.)

Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of or the length of their confinement. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 490 (1973). In fact, when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to an immediate or a speedier release, his sole federal remedy is a writ of habeas corpus. <u>Id.</u> at 500. It is well-established that inmates may not bypass the limitations on filing second or successive habeas petitions by purporting to invoke some other procedure or through creative pleading. <u>United States v. Lambros</u>, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curiam).

In filing his claim as a federal question under 28 U.S.C. § 1331, petitioner cannot avoid the strict limitation on successive habeas corpus petitions. Furthermore, in his complaint, petitioner requests this court to vacate his sentence and conviction on the grounds that they were unconstitutional, and to release him from illegal confinement. (Doc. 1 at 1, 3); <u>see also</u> <u>Preiser</u>, 411 U.S. at 484 (noting that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody).

Therefore, because petitioner's suit falls squarely within the exclusive scope of habeas corpus, the complaint should be treated as a petition, by a state prisoner, for federal habeas corpus relief pursuant to 28 U.S.C. § 2254.

## B. Federal Habeas Corpus Remedies

In his complaint, petitioner seeks damages in the amount of $100 million dollars for malicious prosecution.

Under federal habeas corpus, the sole remedy that is available is the immediate or expedited release of a prisoner unconstitutionally convicted or sentenced. <u>Preiser</u>, 411 U.S. at 493. In other words, habeas corpus does not provide for money damages. <u>Jenkins v. Haubert</u>, 179 F.3d 19, 24 (2d Cir. 1999) (citing <u>Preiser</u>, 411 U.S. at 493). Accordingly, if a state prisoner is seeking damages he is attacking

something other than the fact or length of his confinement, making federal habeas corpus inappropriate. Id.

Therefore, because damages cannot be sought in a habeas corpus petition, petitioner's claim for monetary damages is barred.

## C.   Second or Successive Habeas Corpus Petition

A circuit or district judge is not required to entertain an application for a writ of habeas corpus if it appears that the legality of the detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus. 28 U.S.C. § 2244(a).

### 1.   "Second or Successive"

The threshold determination required by 28 U.S.C. § 2244(a) is whether the petition is a "second or successive" application for federal habeas corpus relief. Singleton v. Norris, 319 F.3d 1018, 1023 (8th Cir. 2003) (en banc). Whether a later petition would be considered "successive" is guided by the "abuse of the writ principles." Id. A habeas petitioner is not permitted to abuse the writ of habeas corpus by raising a claim in a subsequent petition that he could have raised in his first. Rehbein v. Clarke, 94 F.3d 478, 482 (8th Cir. 1996) (citing McCleskey v. Zant, 499 U.S. 467, 489 (1991)). A prisoner's second petition is also considered successive if it represents "a second attack by federal habeas petition on the same conviction." Vasquez v. Parrott, 318 F.3d 387, 390 (2d Cir. 2003).

Habeas petitions filed subsequent to dismissal of a prior petition without prejudice are not considered second or successive petitions. See Slack v. McDaniel, 529 U.S. 473, 485-87 (2000) (holding that a habeas petition previously dismissed for failure to exhaust state remedies is not a second or successive petition); Stewart v. Martinez-Villareal, 523 U.S. 637, 638 (1998) (holding that when a previous habeas petition is dismissed without prejudice, a subsequent petition is not a second or successive petition within the meaning of § 2244). However, a determination by a district court that a claim is procedurally defaulted qualifies as an adjudication on the merits. Harvey v. Horan,

278 F.3d 370, 379-80 (4th Cir. 2002); <u>see generally</u> <u>Henderson v.</u> <u>Lampert</u>, 396 F.3d 1049, 1054 (9th Cir. 2005) (noting that the reason for the difference between exhaustion and procedural bar is that dismissal for failure to exhaust state court remedies permits petitioner the opportunity to obtain a disposition on the merits in state court while procedural default does not).

Petitioner's current application for federal habeas corpus relief challenges the constitutionality of his conviction on March 19, 2001, as a result of pleading guilty to burglary in the first degree, robbery in the second degree, assault in the second degree, stealing, attempted robbery in the first degree, assault in the third degree, possession of a controlled substance - cocaine base, possession of marijuana, and resisting arrest. (Doc. 1 at 9.) Petitioner has previously challenged the constitutionality of this conviction in another federal habeas corpus petition. <u>Jackson v. Roper</u>, 4:05 CV 1421 RWS FRB (E.D. Mo. Apr. 3, 2006); (Doc. 21 at 1.) Judge Sippel ruled on the merits of the first petition when he adopted the Report and Recommendation of Magistrate Judge Buckles, denying federal habeas corpus relief on the grounds that two of the claims were not cognizable for habeas review and the other was procedurally barred. (<u>See</u> <u>id.</u>)

In this petition, petitioner again challenges his March 19, 2001 conviction and subsequent sentence, but employs different rationales and constitutional theories. (Doc. 1.) Petitioner's claims in this petition could have easily been raised in his first habeas petition with his other double jeopardy claim, because petitioner's claims are not the result of any newly discovered evidence or any retroactive Supreme Court decision. In fact, petitioner brought a Double Jeopardy violation claim in his first petition and now seeks to challenge his sentence and conviction under a different rationale.

Because Judge Sippel ruled on the merits of petitioner's previous federal habeas corpus petition, because petitioner could have - but failed to - bring his present claims in his first federal habeas petition, and because petitioner is attacking the same convictions as in his first federal habeas, his claims are successive and fall within the scope of 28 U.S.C. § 2244(a).

2.    Permission by the Court of Appeals

Before a petitioner can file a second or successive habeas petition in a district court, the applicant must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3). If the prisoner does not seek or obtain an order from the appropriate court of appeals, authorizing him to file a second or successive habeas petition, the district court is without jurisdiction to entertain a state prisoner's habeas petition challenging his sentence. Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (per curiam).

Petitioner failed to seek, much less obtain, an authorization to file a second or successive habeas application. Therefore, this court is without jurisdiction to entertain his second habeas application. The action is dismissed.

**D.    Claim Against the Prosecutor**

Even if the petitioner's lawsuit was not treated as a habeas claim under § 2254, it would still fail.

Public policy dictates that prosecutors be immune from common-law suits for malicious prosecution. Imbler v. Pachtman, 424 U.S. 409, 422 (1976). Public policy concerns also dictate that prosecutors enjoy absolute immunity "from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case insofar as that conduct is intimately associated with the judicial phase of the criminal process." Burns v. Reed, 500 U.S. 478, 486 (1991). Without absolute immunity, the threat of civil rights suits would undermine the performance of their duties. Imbler, 424 U.S. at 424. Faced with serious constraints of time and information, prosecutors inevitably make decisions that could produce colorable claims of constitutional deprivation. Id. at 425. Requiring prosecutors to defend these decisions, often several years later, could impose unique and intolerable burdens for individuals responsible for hundreds of indictments and trials each year. Id. at 425-26. In the end, the Supreme Court decided that it was "better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do

their duty to the constant dread of retaliation." Id. at 428 (quoting Gregoire v. Biddle, 177 F.2d 579, 581 (2d Cir. 1949) (Hand, J.)).

In this case, petitioner alleges that the prosecuting attorney "pursued a malicious prosecution '[w]ithout jurisdiction' to proceed to trial," and later "refiled the [charge] with no evidence." (Doc. 1 at 1.) He further alleges that the prosecuting attorney knew that petitioner suffered from schizophrenia and other mental disorders, and had no knowledge of the law, yet still "pursued a malicious prosecution to deliberately extend petitioner's imprisonment, and to rob and steal the rest of his life." (Id. at 2.) He argues the prosecutor's acts violated his constitutional and civil rights. (Id.)

Petitioner's bare allegations of prosecutorial misconduct and civil rights violations are insufficient to overcome the prosecutor's absolute immunity from claims intimately associated with the judicial phase of the criminal process. Under Burns and Imbler these claims are meritless.

**E.    Motion for Default Judgment**

Petitioner moves for the Clerk to enter a default judgment (Doc. 5), and for default judgment. (Doc. 6.) Because the respondent timely filed his response, these motions are denied. (See Doc. 7, Doc. 8, Doc. 11.)

**F.    Motion for Settlement**

Petitioner moves to settle his claim for $500,000 and his immediate release. (Doc. 9.) For the reasons stated above, this motion is denied.

## IV.  CONCLUSION

For the reasons stated above, the petition of Elton R. Jackson for relief from his conviction and sentence, and an award of monetary damages is denied. The motions for default judgment and settlement are also denied. An appropriate order is issued herewith.

___/S/___David D. Noce___
                                    **UNITED STATES MAGISTRATE JUDGE**
Signed on December 19, 2008.